**LOCAL UNION NO. 38, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL–CIO, Plaintiff,**

v.

**Anthony TRIPODI, Defendant.**

**No. 94 Civ. 8926 (WCC).**

United States District Court, S.D. New York.

Nov. 30, 1995.

Law Offices of Jeffrey S. Dubin, Garden City, NY (Jeffrey S. Dubin, of counsel), for Plaintiff.

Anthony J. Tripodi, Riverside, CT, pro se.

WILLIAM C. CONNER, Senior District Judge.

Plaintiff has moved for partial summary judgment dismissing defendant's Counterclaim on the ground that it was asserted after the applicable statute of limitations had run. For the reasons stated below, plaintiff's motion is granted.

The underlying case is an action by plaintiff Local Union No. 38, Sheet Metal Workers' International Association, AFL–CIO ("Local 38") against defendant Anthony Tripodi ("Tripodi") pursuant to Section 301 of the Labor–Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (the "LMRA"). The Complaint alleges that Local 38 and Tripodi, during times relevant in this case, were parties to an agreement within the meaning of Section 301 of the LMRA, known as the Constitution and Ritual of the Sheet Metal Workers' International Association and Affiliated Local Unions, State District and Provincial Councils (the "Agreement"). The Complaint further alleges that, on October 5, 1994, defendant was charged with violations of the Agreement, and was fined $21,000 pursuant to a hearing held before the Executive Board of Local 38. On December 8, 1994, Local 38 brought the underlying action demanding judgment against Tripodi for $21,000 plus interest and costs.

In his Answer, Tripodi (1) denies factual allegations in the Complaint, (2) asserts an Affirmative Defense alleging that the Executive Board of Local 38 lacked authority to levy a fine against him because he was no longer a member of Local 38; and (3) asserts a Counterclaim alleging that he suffered damages in excess of $50,000 due to plaintiff's failure and refusal to enforce the terms and conditions of a collective bargaining agreement between Local 38 and his employer.

Defendant's Counterclaim asserts a breach of duty of fair representation. Such a claim is implied under the National Labor Relations Act. *DelCostello v. Teamsters,* 462 U.S. 151, 164 n. 14, 103 S.Ct. 2281, 2290 n. 14, 76 L.Ed.2d 476 (1983). Tripodi alleges that he was laid off by his employer at a time when his employer and Local 38 were parties to a Collective Bargaining Agreement (the "CBA"). Upon being laid off, defendant requested that Local 38 intervene on his behalf to enforce the terms and conditions of the CBA. Local 38 refused. Defendant's Counterclaim alleges that plaintiff's failure and refusal to enforce the terms and conditions of the CBA caused him to suffer damages in excess of $50,000.

In its Reply to defendant's Counterclaim, Local 38 asserts three affirmative defenses: (1) exclusive jurisdiction of the National Labor Relations Board; (2) statute of limitations; and (3) failure to state a claim upon which relief may be granted. Plaintiff submits the present motion for partial summary judgment, Fed.R.Civ.P. 56, seeking dismissal of defendant's Counterclaim on the ground that it was asserted well after the applicable statute of limitations had run.

There is no federal statute of limitations expressly applicable to this suit. In such situations our task is to "borrow" the most suitable statute or rule of timeliness from some other source. *DelCostello,* 462 U.S. at 158, 103 S.Ct. at 2287. In *Phelan v. Local 305,* 973 F.2d 1050 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993), it was established that a six-month statute of limitations, borrowed from section 10(b) of the National Labor

Relations Act,[1] should apply to a claim that a union breached its duty of fair representation. *See also Gvozdenovic v. United Air Lines, Inc.* 933 F.2d 1100, 1106 (2d Cir.) (recognizing and applying rule that "six-month limitations period of the National Labor Relations Act applies to claims of breach of duty of fair representation"), *cert. denied,* 502 U.S. 910, 112 S.Ct. 305, 116 L.Ed.2d 248 (1991); *Eatz v. DME Unit of Local Union Number 3,* 794 F.2d 29, 33 (2d Cir.1986) ("Due to the undeniable resemblance and substantial overlap between unfair labor practices and breaches of the duty of fair representation ... the § 10(b) six-month limitations period [should] be applied to unfair representation claims....").

Defendant has submitted no response to plaintiff's motion. Under *DelCostello* and *Phelan,* we borrow the section 10(b) six-month statute of limitations. All the evidence indicates that defendant's claim against Local 38 accrued no later than April 1993. This action was filed in December 1994, and defendant's Answer is dated January 1995. The claim expired no later than October 1993. Defendant's Counterclaim was filed at least fourteen months late.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment dismissing defendant's Counterclaim is granted.

SO ORDERED.

---

1. Section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(b), establishes a six month period for making charges of unfair labor practices to the National Labor Relations Board.